UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASIMA KHALID | * | CIVIL ACTION |
| | * | |
| versus | * | No. 12-2643 |
| | * | |
| CINDY GOMEZ, ET AL. | * | SECTION "L" (3) |

## ORDER & REASONS

Before the Court are several Motions: a Motion for Summary Judgment filed on behalf of Plaintiff Asima Khalid (R. Doc. 15); Defendants' Motion to Dismiss for Lack of Jurisdiction (R. Doc. 19); Plaintiff's Motion to Strike Defendants' Motion to Dismiss (R. Doc. 21); and Plaintiff's Emergency Motion to Strike and for Discipline against All Defense Counsel of Record (R. Doc. 32). The Court has reviewed the parties' submissions and the applicable law. The Court heard counsel's oral arguments at a hearing on May 1, 2013. At the same hearing, the Court also heard testimony and evidence and found certain facts, including that Plaintiff Asima Khalid speaks and understands the English language. The Court now issues this Order and Reasons.

Plaintiff Asima Khalid filed a Petition for Review on October 31, 2012 seeking de novo judicial review, pursuant to section 310(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c), of the denial of her USCIS Form N-400, Application for Naturalization. (R. Doc. 1). Khalid, originally from Pakistan, has been a permanent resident for more than five years. According to Khalid's Petition, Defendants denied her application, and her subsequent request for a hearing, based on a failure to understand the English language. Khalid alleges that

she is proficient in English.

Defendants filed an Answer on January 29, 2013 in which they deny liability and assert various affirmative defenses. (R. Doc. 9).

Plaintiff moved for summary judgment on March 25, 2013. (R. Doc. 15). On March 28, 2013, Defendants moved to dismiss on grounds of mootness, stating that USCIS granted Plaintiff's application for naturalization on March 20, 2013. (R. Doc. 19). On April 1, 2013, Plaintiff moved to strike Defendants' Motion to dismiss, alleging violation of Louisiana's rules of professional conduct on the part of Defendants' counsel in preparation of the Motion. (R. Doc. 21). The Court granted the Defendants' request for oral argument on the Plaintiff's Motion for Summary Judgment and the Defendants' Motion to Dismiss during a telephone status conference on March 28, 2013. (R. Doc. 20).

## II. PRESENT MOTIONS

### A. Plaintiff's Motion for Summary Judgment (R. Doc. 15)

Plaintiff seeks an Order approving Plaintiff for naturalization and scheduling her for a naturalization ceremony within fifteen days.[1] Plaintiff argues that there is no genuine issue as to any material fact regarding her eligibility for naturalization, as evidenced by USCIS's attempted approval of her application on March 20, 2013. Plaintiff further argues that USCIS's approval of her application did not moot the captioned law suit because this Court's jurisdiction over this matter is exclusive, leaving USCIS without the power to issue a belated approval.

Defendants oppose Plaintiff's Motion. (R. Doc. 22). Defendants make two

---

[1]Plaintiff does not seek an award of fees or costs in her Motion; if this Court enters judgment in Plaintiff's favor, Plaintiff's counsel will presumably file a subsequent Motion seeking fees and costs as a prevailing party pursuant to the Equal Access to Justice Act ("EAJA").

alternative arguments: as to jurisdiction, they argue that USCIS and this Court share concurrent jurisdiction over this matter, meaning the March 20 approval was effective and the matter is moot; and, as to summary judgment, they argue that a genuine dispute exists as to Plaintiff's proficiency in English.

### B. Defendants' Motion to Dismiss (R. Doc. 19)

Defendants' Motion to Dismiss raises the same mootness argument outlined in their opposition to Plaintiff's Motion for Summary Judgment. According to Defendant, this Court cannot grant any effective relief to Plaintiff because USCIS has already granted her application and thus provided the relief she seeks in her Motion.

Plaintiff opposes Defendants' Motion. (R. Doc. 24). Plaintiff argues that USCIS's purported approval of her application for naturalization was without effect because this Court's jurisdiction over the matter is exclusive, and has been exclusive since the timely filing of Plaintiff's petition.

## III. LAW AND ANALYSIS

### A. Summary Judgment Standard

Federal courts are courts of limited jurisdiction. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Id.* Furthermore, "[i]f a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). "As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Id.* at 527 (internal quotation marks and citations omitted).

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). "[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. Mootness / Jurisdiction

Defendants argue that Plaintiff's claims are moot because she received all of the relief that she is entitled to when USCIS approved her naturalization application on March 20, 2013. This claim rests on the assumption that USCIS retained the necessary authority and jurisdiction to effectively decide these applications on that date. Petitions for naturalization, when filed, are initially under the sole jurisdiction of the USCIS, which has the power to grant or deny naturalization to an alien applicant. *See* 8 U.S.C. § 1421(a). After this initial period of USCIS jurisdiction, a district court may obtain jurisdiction over a petition either by way of appeal from an unfavorable agency decision, 8 U.S.C. § 1421(c), or, in cases where the agency has not acted on an application within 120 days of the alien's in-person interview, by way of a suit filed under 8 U.S.C. § 1447(b). The key question is whether a petitioner's filing of a § 1421(c) suit vests exclusive jurisdiction over the petition in the district court hearing the suit, implicitly divesting

the USCIS of all power in the matter, or whether the filing of such a suit creates concurrent jurisdiction over the matter, shared between the district court and the USCIS.

The Plaintiff invokes this Court's jurisdiction pursuant to § 1421(c) , which states:

A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C.A. § 1421(c).

Plaintiff has cited for the Court a long list of decisions finding that district courts exercise exclusive jurisdiction over § 1447(b) suits, and Plaintiff argues that the law is well-settled that, when USCIS fails to act on an application for 120 days, the agency loses its power to act.[2] Defendants do not dispute this point, but seek to distinguish § 1447(b) suits from suits, like Plaintiff's, brought pursuant to § 1421(c); in other words, Defendants attempt to distinguish between cases of USCIS inaction and cases of outright denial.[3]

---

[2] *See Etape v. Chertoff*, 497 F.3d 379 (4th Cir. 2007) (§ 1447(b) vests exclusive jurisdiction in the district court); *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004) (en banc) (same); *Al-Maleki v. Holder*, 558 F.3d 1200, 1205 n. 2 (10th Cir. 2009).  The Fifth Circuit has not directly addressed this issue, but several district courts within the Fifth Circuit have found exclusive jurisdiction in the § 1447(b) context. *Agarwal v. Napolitano*, 663 F. Supp. 2d 528, 530-33 (W.D. Tex. 2009) (discussing the weight of precedent in detail and holding for exclusive jurisdiction); *Castro v. Napolitano*, No. 3:09-cv-39 (W.D. Tex. Sept. 16, 2009); *Dimopoulos v. Blakeway*, No. 2:07-cv-127, 2007 WL 922224 (S.D. Tex. Mar. 23, 2007).  None have held for concurrent jurisdiction.

[3] Section 1447(b) reads as follows: "If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C.A. § 1447(b).

The *Agarwal* Court, in finding for exclusive jurisdiction in the context of § 1447(b) suits, noted "that construing the statute to provide concurrent jurisdiction would create a disincentive for the parties and the Court to invest adequate time and resources to consider the matter properly, knowing that at any moment the proceedings could be rendered moot, with so much effort wasted, by an eleventh-hour CIS action." *Agarwal v. Napolitano*, 663 F. Supp. 2d 528, 533 (W.D. Tex. 2009). This reasoning applies equally to the context of the instant suit and to § 1421(c) suits in general. Interpreting the law as Defendants suggest would vitiate the right of Plaintiffs such as Ms. Khalid to seek meaningful de novo review as provided by statute because, at any time of its choosing, the USCIS could moot the pending suit. Only the agency's good faith would prevent its issuing arbitrary denials of naturalization applications and forcing individuals to obtain counsel and incur fees in order to achieve naturalization.[4]

Accordingly, the Court holds that the USCIS lacked jurisdiction to approve Plaintiff's naturalization application on March 20, 2013. As a result, Plaintiff's case is not moot and Defendants' Motion to Dismiss must be denied. Although without legal effect, the purported approval does indicate the lack of a genuine dispute as to Plaintiff's qualifications for naturalization; furthermore, the Court found as a matter of fact that Ms. Khalid speaks and understands the English language with sufficient proficiency to become a naturalized citizen at a hearing on May 1, 2013. No other disputed facts remain as to her eligibility. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment.

In light of these holdings, the Court need not address Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment, and that Motion will be denied.

---

[4] Plaintiff's counsel suggested at oral argument that the USCIS could conceivably withdraw its approval of a naturalization application after the dismissal of the civil suit, an act which could also subvert meaningful de novo review.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (R. Doc. 15) is hereby **GRANTED**. **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (R. Doc. 19) is hereby **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Motion to Dismiss (R. Doc. 21) is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE